

**SIGNED this 18th day of October, 2012**

```
_____
       Shelley D. Rucker
 UNITED STATES BANKRUPTCY JUDGE
```
_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

In re:

BUTCH HALL                                              Case No. 11-14772
SUSAN HALL,                                             Chapter 13

    Debtors.

## MEMORANDUM

    Appearances:

        W. Thomas Bible, Law Office of W. Thomas Bible, Jr., Chattanooga, Tennessee, Attorney for the Debtors

        Aaron J. Nash, Evans/Petree, PC, Memphis, Tennessee, Attorneys for AmeriCredit Financial Services, Inc.

The Honorable Shelley D. Rucker
United States Bankruptcy Court

The debtors have objected to the unsecured portion of claim No. 2-1 of AmeriCredit Financial Services, Inc. ("AmeriCredit") on the basis that the unsecured portion of the claim was discharged in a prior chapter 7 filed by the debtors. AmeriCredit has responded that the debtors are not entitled to the relief requested because the relief effectively seeks to strip down a lien currently held by AmeriCredit through disallowance of an unsecured claim. Based on the uncontested facts and a review of the briefing filed by AmeriCredit in the case, the court agrees with the analysis of AmeriCredit and overrules the debtors' objection to the claim.

The court has subject matter jurisdiction over this bankruptcy case and contested matter. 28 U.S.C. § 1334. This case and all related proceedings have been referred to this court for decision. 28 U.S.C. § 157(a) and the Standing Order of United States District Court, Eastern District of Tennessee, entered July 18, 1984. This contested matter is a core proceeding because it involves allowance or disallowance of claims against the estate. 28 U.S.C. § 157(b)(2)(B).

The court now makes its findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On July 21, 2007, the debtors purchased a 2006 Chevrolet Impala from Mountain View Chevrolet in Chattanooga, Tennessee, for $19,623.73, and granted a purchase money security interest in the vehicle to Mountain View. The purchase contract and security agreement were assigned to AmeriCredit Financial Services, Inc., d/b/a GM Financial ("AmeriCredit") on July 21, 2007. AmeriCredit holds a valid, timely-perfected first priority purchase money lien against the vehicle as noted on the vehicle's certificate of title.

On May 17, 2011, the debtors filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Tennessee, Southern Division, case number 1:11-

2

bk-12666. The debtors included AmeriCredit on Schedule D-Creditors Holding Secured Claims and listed a claim of $15,504 secured by the 2006 vehicle. They valued the vehicle at $9,665. The debtors entered a reaffirmation agreement with AmeriCredit, filed July 19, 2011. They received a discharge on August 25, 2011. After their discharge, the debtors rescinded the reaffirmation agreement. The case was closed on October 6, 2011.

On August 30, 2011, the debtors filed this Chapter 13 case. As of the petition date, the balance due on the loan was $16,174.77. The contract interest rate is 23.9% per annum as reflected in AmeriCredit's proof of claim filed on September 12, 2011. The Chapter 13 trustee and AmeriCredit objected to confirmation of the plan. At the confirmation hearing, the trustee's objection was overruled, changes were made to the proposed plan to accommodate AmeriCredit's objection, and the plan was confirmed by order entered November 1, 2011.

Paragraph 3(a) of the plan treats AmeriCredit as a secured creditor and values its collateral at $11,000 to be paid monthly payments of $220.00 at an interest rate of 7.25%. It provides that "[t]he holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security in the manner specified below." That paragraph also provides that "[t]he portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below." Exhibit 1, *Chapter 13 Plan,* Doc. No. 29. Paragraph 4(a) provides that "allowed nonpriority unsecured claims will be paid: 100%." *Id.* The plan provides that property of the estate does not vest in the debtors until completion of the plan. *Id.* at paragraph 8.

The debtors are not eligible for a chapter 13 discharge in this case, having received a discharge in a chapter 7 case filed within 4 years of the filing of this case. 11 U.S.C. § 1328(f).

3

On April 3, 2012, the debtors filed an objection to AmeriCredit's claim, seeking to have the entire claim disallowed under 11 U.S.C. § 502(b)(1).  In response, AmeriCredit asserts that its lien continues until completion of the plan and the claim should be allowed as filed.

Section  502 of the Bankruptcy Code determines whether a claim is allowed. It states:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects.
> (b) . . . if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>    (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law. . .

11 U.S.C. § 502.

The Supreme Court in *Johnson v. Home State Bank*, addressing whether a discharged home mortgage could even be a claim in a Chapter 13 proceeding, clarified that a lienholder who continued to hold the right to pursue its collateral had a claim.

> In other words, the court must allow the claim if it is enforceable against *either* the debtor *or* his property.  Thus, § 502(b)(1) contemplates circumstances in which a "claim," like the mortgage lien that passes through a Chapter 7 proceeding, may consist of nothing more than an obligation enforceable against the debtor's property.

*Johnson,* 501 U.S. 78, 85 (1991)(emphasis in original). In 2007, the Sixth Circuit following *Johnson* found that a mortgage lien was a claim and that the full amount of the claim would be considered for calculation of the debtor's eligibility for a Chapter 13, although the debtor in that case did not argue that the lien should be valued at any amount other than the full value of the

4

mortgage. *Glance v. Carroll (In re Glance),* 487 F.3d 317, 321-22 (6th Cir. 2007). Based on the holdings in *Johnson* and *Glance*, AmeriCredit has a secured claim against the debtors.

Having found that AmeriCredit's lien is a secured claim, the court must consider how the confirmed plan treats AmeriCredit. The plan specifically addresses the treatment of undersecured holders of allowed secured claims. In addition to treating Americredit as the holder of an allowed secured claim and providing for AmeriCredit's retention of its lien, it provides that "[t]he portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below." The debtors now seek to renege on that provision as it pertains to AmeriCredit's unsecured claim based on the prior discharge.

The debtors argue that the most that AmeriCredit could recover outside of bankruptcy is the value of its collateral because of the prior Chapter 7 discharge. As another debtor in a similar situation expressed this concern, "[t]he Bank should not obtain a more favorable equitable result in bankruptcy than it would be able to obtain outside bankruptcy." *Bank of the Prairie v. Picht (In re Picht)*, 428 B.R. 885, 893 (B.A.P. 10th Cir. 2010)(footnote omitted). Despite the initial appeal of this argument, the court agrees with the analysis of the Tenth Circuit Bankruptcy Appellate Panel rejecting this argument. The panel found that the bankruptcy imposed a valuation at a particular time on the creditor. Outside of a bankruptcy proceeding, the creditor might choose to wait until market conditions improved before foreclosing it lien and receive more than the value proposed in the bankruptcy . *Id.* The panel also found that the 2005 amendments to the Bankruptcy Code allow the lien to remain enforceable even if it might produce a more favorable result.

The current lien retention provision contained in § 1325(a)(5)(B) was adopted in 2005 with the enactment of the

5

> Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). Prior to BAPCPA, § 1325(a)(5)(B) required a plan to provide that a secured creditor would "retain the lien securing such claim," but the statute did not determine at what point a secured creditor could be required to release its lien. Since the secured claims of most creditors of a Chapter 13 debtor could be modified by reducing interest rates, extending maturity, modifying payment amounts, and/or bifurcating a claim into allowed secured and unsecured claims under §506(a), it was unclear whether a creditor could be required to release its lien after payment of the "allowed secured claim" (which could occur prior to the completion of the plan), or whether the creditor could retain its lien until the claim (secured and unsecured) was paid in full.
>
> BAPCPA clarified the issue by deeming a plan unconfirmable unless an objecting secured creditor is assured that its lien continues to encumber the collateral until the Chapter 13 discharge, even if the judicially determined "allowed secured claim" is paid before discharge. The plan must allow the creditor to retain its lien until the full contract amount (including the part of the claim relegated to the "unsecured" category) is paid, or until discharge.

*Picht,* 428 B.R. at 892 n.32.

The debtors have not challenged the amount of the claim. They seek to disallow the claim on the basis that they were successful in obtaining confirmation of a plan which values AmeriCredit's collateral at only $11,000 of the $16,174.77 claim. The plan does not, and could not under the terms of BAPCPA, strip the lien without AmeriCredit's acceptance of such treatment; and the treatment that was accepted was retention of the lien and payment of the amount of its claim in excess of the value at 100%.

The Bankruptcy Code provides that the holder of a lien retains the lien until either the underlying debt as determined under nonbankruptcy law is paid or the debt is discharged pursuant to 11 U.S.C. § 1328. 11 U.S.C. § 1325(a)(5)(B)(i)(I). In this case, the second alternative is not available since the debtors have received a discharge in the past four years. 11 U.S.C. §

1328(f)(1). With respect to the first alternative, AmeriCredit cannot be forced to release its lien without receiving payment in full under applicable nonbankruptcy law. The only way for these debtors to discharge the lien is to pay AmeriCredit's claim in full. Since each dollar of AmeriCredit's claim, whether designated as secured or unsecured for payment, is still enforceable against the property, AmeriCredit has a claim, and the prior discharge is not a basis for the disallowance of the unsecured portion.

Based on the provisions of the plan and AmeriCredit's continuing lien the court overrules the debtors' objection to the unsecured portion of the claim of AmeriCredit.

A separate order will issue.

###